1  Aaron M. McKown (SBN 208781)
   Andrew M. Sussman (SBN 112418)
2  **McKOWN BAILEY**
   620 Newport Center Drive, Suite 690
3  Newport Beach, CA 92660
   Telephone:  (949) 858-3200
4  Email:  aaron@mckownbailey.com
           andrew@mckownbailey.com
5
6  Attorneys for Defendant
   RUGS.COM, LLC
7
8

9            **IN THE UNITED STATES DISTRICT COURT**

10           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 | PERLA MAGENO, an individual, | Case No. 2:21-cv-03612 |
12 | Plaintiff, | Assigned to: |
13 | vs. | |
14 | RUGS.COM, LLC, a South Carolina limited liability company; and DOES 1-10, inclusive | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY) BY DEFENDANT RUGS.COM, LLC** |
15 | | |
16 | Defendants. | |
17
18
19
20
21           Complaint filed: March 25, 2021
22           Complaint served: March 30, 2021
23
24
25
26
27
28

TO THE CLERK OF THE ABOVE-ENTITLED COURT: PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant RUGS.COM, LLC ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Los Angeles, where it is currently pending as Case No. 21 GDCV 00430 (the "State Court Action"), to the United States District Court for the Central District of California.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Perla Mageno ("Plaintiff") is a resident, citizen and domiciliary of the State of California while Defendant is a South Carolina limited liability company with its principal place of business in the State of South Carolina.

## BACKGROUND

On March 25, 2021, Plaintiff commenced the State Court Action by filing the Plaintiff's Original Complaint in the Superior Court for the County of Los Angeles, California, where it is pending as Case No. 21 GDCV 00430 (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Original Complaint, along with all other true and correct copies of "all process, pleadings, and orders served upon defendant," are attached hereto as Exhibit 1 and incorporated herein by reference.

Defendant was served with the Complaint on March 30, 2021.

In the Complaint, Plaintiff asserts a single cause of action for alleged violations of the Unruh Civil Rights Act, California Civil Code § 51 et seq., on the grounds that Defendant's website is not sufficiently accessible to persons with disabilities.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects

of a foreign state are additional parties[.]"

## I. The Amount-In-Controversy Requirement is Satisfied.

While Plaintiff attempted to artfully plead less than the diversity threshold of $75,000, Plaintiff actually pleads for $78,999.00 in damages, which exceeds the minimum threshold for diversity jurisdiction. Specifically, Plaintiff seeks injunctive relief not to exceed $50,000, statutory damages of $4,000 per violation up to $24,999 pursuant to Civil Code § 52(a), and $4,000 in additional "deterrence damages" pursuant to *Johnson v. Guedoir*, 218 F.Supp.3d 1096 (E.D. Cal. 2016). For this reason alone, diversity jurisdiction is met. *See* Complaint, Prayer for Relief.

Moreover, "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs the "either viewpoint" test to determine the value of the object of the litigation. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank*, 264 F.3d 952, 959 (9th Cir. 2001).

As this Court recently recognized, Plaintiff's attempt to confine the amount in controversy of injunctive relief for Defendant's compliance with the preliminary and permanent injunction requested at a total of $50,000 is not determinative of the amount in controversy. *Martinez v. Epic Games, Inc.*, 2020 U.S. Dist. LEXIS 42469, at *9-10 (C.D. Cal. Mar. 10, 2020) ("While Plaintiff can effectively limit the amount of statutory damages and attorney fees with an express disclaimer because he retains control over those forms of relief, a similar disclaimer cannot be effective as to injunctive relief, the cost of which is outside of his control."). Here, the estimated cost to make Defendant's website compliant with Web Content Accessibility Guidelines 2.0 as requested by Plaintiff substantially exceeds the diversity threshold

for this Court's jurisdiction.

Defendant operates one of the world's largest online retail furnishing stores and is one of the two largest flooring retailers in the world. Defendant does not operate any physical retail locations, rather, its entire business is operated through its website located at www.rugs.com. Defendant's website is dynamic, not static, meaning that it displays different content and provides user interaction by making use of advanced programming and databases in addition to static HTML pages. The website consists of thousands of pages of content that would need to be redesigned, revised, redeveloped, and/or removed to meet the WCAG 2.0 guidelines. The process to meet initially the WCAG 2.0 guidelines would require months of full-time work by either a qualified vendor or new staff that would need to be hired by Defendant who would be dedicated exclusively to this task at a cost well in excess of $100,000.

Bringing the thousands of pages of the website into conformance with the WCAG 2.0 guidelines represents only the beginning of Defendant's compliance with a permanent injunction if issued by this Court. Because of the dynamic nature of Defendant's website and the constant changes in the content of the website, Defendant will need to hire at least one full-time employee, and possibly more, who is skilled in ensuring that the new content and pages remain compliant with the permanent injunction, which would be considerably more economical and practical then having to send proposed new content to an outside vendor on a constant basis, to then wait for the vendor to return the content for posting, and then to post the content, especially given the high pace nature of Defendant's business. A single qualified full-time employee would cost Defendant approximately $80,000-$90,000 per year.

Thus, given the unique nature and size of Defendant's online business, the cost for Defendant to comply with any permanent injunction issued by this Court would substantially exceed the minimum threshold for diversity jurisdiction.

**II.     Complete Diversity of Citizenship Exists Between Plaintiffs and All Defendants.**

Plaintiff alleges at Paragraph 7 of the Complaint that "Plaintiff, at all relevant times and as alleged herein, is a resident of California, County of Los Angeles." Plaintiff further alleges that the only named defendant, RUGS.COM, LLC, is a South Carolina limited liability company with its principal place of business in Ft. Mill, South Carolina.  *See* Complaint, ¶¶ 2, 15.  While not plead, all of the members of Defendant reside in South Carolina.  As such, complete diversity exists between Plaintiff and Defendant.

The Complaint also names Doe Defendants "1 through 10". Complaint, ¶¶ 16-17.  Plaintiff's inclusion of Doe defendants does not destroy diversity jurisdiction. *See Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1035 (E.D. Cal. 2015) ("[T]he Court concludes that Plaintiffs' use of fictional defendants does not destroy diversity and does not divest the district court of jurisdiction").  As this Court has recognized, "courts in the Ninth Circuit have synthesized the complex jurisprudence on whether courts may consider the citizenship of fictitious defendants for removal jurisdiction purposes into following rule statement: '[t]he question . . . becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action.'" *IDEA Custom Cabinetry & Design, Inc. v. DS Servs. of Am., Inc.*, 2021 U.S. Dist. LEXIS 50386, at *4-5 (C.D. Cal. Mar. 16, 2021) (citing *Gardiner Family*, 147 F.Supp.3d at 1035-36; *Barnes v. Costco Wholesale Corp.*, 2019 U.S. Dist. LEXIS 210842, at *2 (C.D. Cal. Dec. 4, 2019) (finding allegations regarding the Doe Costco employees responsible for a plaintiff's alleged injuries sufficient for the Court to consider their citizenship for jurisdictional purposes); *Sandoval v. Republic Servs., Inc.*, 2018 U.S. Dist. LEXIS 69926, at * 3 (C.D. Cal. Apr. 24, 2018 (holding that courts should consider Doe Defendants' citizenship especially "when a named defendant knew or should have known the fictitious defendant's identity because that defendant *employed* the fictitiously named defendant."); *Collins v. Garfield Beach CVS, LLC*, 2017 U.S. Dist. LEXIS 98550, at *2 (C.D. Ca. June 26, 2017); ("[W]hen

a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court <u>should</u> consider the citizenship of the fictitious defendant."); *see also Loya v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 231563, at *4 (C.D. Cal. Dec. 9, 2020) (same).

Here, Plaintiff's description of Doe defendants and their activities is not specific so as to suggest their identity, citizenship, or relationship to the action. *See* Complaint, ¶¶ 16-17.  Rather, Plaintiff includes a generic statement that the Doe defendants are legally responsible for the actions of Defendant and that they were an agent or employee of Defendant.  *Id.*  Given that all of Defendant's employees (and members) are located in South Carolina and Defendant has no agents related to its website content, complete diversity between Plaintiff and all defendants exists.

**III.   The Other Prerequisites for Removal Are Satisfied.**

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Plaintiff filed the Complaint with the state court on March 25, 2021.  Defendant was served with a copy of the Summons or Complaint on March 30, 2021.

This action is properly removed to the United States District Court for the Central District of California, which is "the district and division embracing the place where [the] action is pending."  28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (listing the counties within the Central District of California).

Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the State Court Action (Case No. 21 GDCV 00430) to be included with this Notice of Removal.  Defendant has attached hereto as Exhibit 1 all of the papers served on it, including the Summons and Complaint, and Exhibit 2, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Order to Show Cause Hearing, Notice of Case Management Conference, Notice of Case Assignment,

1 | and ADR package.

2 | Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as Exhibit 3, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Los Angeles.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Dated: April 28, 2021 **McKOWN BAILEY**

By: _____
Aaron M. McKown
Attorneys for Defendant
RUGS.COM, LLC